

# THE ATTORNEY GENERAL
## OF TEXAS

February 23, 1987

JIM MATTOX
ATTORNEY GENERAL

Honorable Wiley L. Cheatham
District Attorney
P. O. Box 587
Cuero, Texas     77954

Opinion No. JM-635

Re:    Whether a county attorney who
handles only misdemeanor criminal
cases is authorized to collect fees
in certain felony cases

Dear Mr. Cheatham:

You inquire whether a county attorney in one of the counties in your multi-county judicial district, who only handles misdemeanor criminal cases, is permitted to collect checks of the felony grade (in amounts of $750 and forgeries) under article 53.08 of the Code of Criminal Procedure and retain the fees provided therein for use in his office.

Article 53.08 of the Code of Criminal Procedure, Acts 1979, 66th Leg., ch. 734, §1, at 1802, provides:

> (a)  A county attorney, district attorney, or criminal district attorney may collect a fee if his office collects and processes a check or similar sight order if the check or similar sight order:
>
> (1)  has been issued or passed in a manner which makes the issuance or passing an offense under:
>
> (A)  Section 32.41, Penal Code;
>
> (B)  Section 31.03, Penal Code; or
>
> (C)  Section 31.04, Penal Code; or
>
> (2)  has been forged under Section 32.21, Penal Code.
>
> (B)  The county attorney, district attorney, or criminal district attorney may collect the fee

from any person who is a party to the offense described in Subsection (a) of this article.

(c)  The amount of the fee shall not exceed:

(1)  $5 if the face amount of the check or sight order does not exceed $10;

(2)  $10 if the face amount of the check or sight order is greater than $10 but does not exceed $100;

(3)  $30 if the face amount of the check or sight order is greater than $100 but does not exceed $300;

(4)  $50 if the face amount of the check or sight order is greater than $300 but does not exceed $500; and

(5)  $75 if the face amount of the check or sight order is greater than $500.

(d)  If the person from whom the fee is collected was a party to the offense of forgery under Section 32.21, Penal Code, committed by altering the face amount of the check or sight order, the face amount as altered governs for the purpose of determining the amount of the fee.

(e)  Fees collected under this article shall be deposited in the county treasury in a special fund to be administered by the county attorney, district attorney, or criminal district attorney. Expenditures from this fund shall be at the sole discretion of the attorney, and may be used only to defray the salaries and expenses of the prosecutor's office, but in no event may the county attorney, district attorney, or criminal district attorney supplement his or her own salary from this fund. Nothing in this Act shall be construed to decrease the total salaries, expenses, and allowances which a prosecuting attorney's office is receiving at the time this Act takes effect.

You do not suggest nor do we perceive any lack of authority for a county attorney in one of the counties in the 24th Judicial District to file felony complaints, to represent the state in felony matters in your absence, and upon request to aid you in the prosecution of any

case in behalf of the state in the district court. Code Crim. Proc. art. 2.02; Tex. Const. art. V, §21. In fact, you relate that "for the last forty to sixty years and probably much longer" the county attorneys in the district have performed such duties, and except for the county in question the county attorneys are presently handling such functions in felony cases. You state that the county attorney in this county, as of January 1, 1983, has

> refused to accept any felony criminal complaints, process felony cases, assist with the presentation of felony cases to the grand jury or assist in the trial of felony cases, or handle any matters of a felony nature.

In Attorney General Opinion MW-241 (1980) it was stated:

> Although other public officials are specifically prohibited from undertaking 'the collection of any claim for debt for others,' article 6252-24, V.T.C.S., the addition of article 53.08 to the Code of Criminal Procedure removes any doubt as to whether a county attorney, district attorney or criminal district attorney may do so.

You represent that "[i]t has been brought to my attention" that the county attorney in question "has apparently been accepting checks for collection under C.C.P., article 53.08 which were [sic] a felony offense." The thrust of your inquiry appears to be whether a county attorney in your multi-county judicial district forfeits the right to collect checks (of the felony grade) when such official refuses to file felony complaints or participate in any phase of felony prosecutions. It is our opinion that the authority for a county attorney in your judicial district to collect any checks (felony or misdemeanor) under the provisions of article 53.08 is not conditioned upon such official filing felony complaints or participating in any phase of felony prosecutions. To read such a provision into article 53.08 would require us to impose a condition the legislature never considered.

Our answer to the foregoing inquiry renders your second question a moot issue. In it you posed the problem of what disposition was to be made of fees collected by the county attorney pursuant to article 53.08 on checks that came within the felony classification.

## S U M M A R Y

> The authority for a county attorney in one of the counties in the 24th Judicial District to collect checks of the felony grade (in amounts of

$750 and forgeries) is not forfeited by the county attorney's refusal to accept felony complaints, process felony cases, assist with the presentation of felony cases to the grand jury and assist in the trial of felony cases.

Very truly yours

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General